Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey  07052
973-325-1500
Attorneys for Defendant Venus Knitting Mills, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH H. WEST,<br><br>               Plaintiff,<br><br>vs.<br><br>ALL AMERICAN SPORTS SHOP<br>VENUS KNITTING MILLS, INC. and<br>PRO-REF SPORTSWEAR<br>               Defendants. | Civil Action No. 06 CV 5319 (SDW)<br><br><br>**ANSWER TO COMPLAINT,<br>AFFIRMATIVE DEFENSES, AND<br>COUNTERCLAIMS BY DEFENDANT<br>AND COUNTERCLAIM PLAINTIFF<br>VENUS KNITTING MILLS, INC.** |

Defendant Venus Knitting Mills, Inc. ("VKM"), by and through their attorneys, Wolff

& Samson PC, answers the Complaint of plaintiff Joseph H. West ("West") as follows:

1.     VKM is without sufficient information or knowledge to admit or deny the

allegations contained in paragraph 1 of the Complaint.

2.     VKM is without sufficient information or knowledge to admit or deny the

allegations contained in paragraph 2 of the Complaint.

3.     Responding to the allegations in paragraph 3 of the Complaint, VKM admits

that it is a distributor/vendor of sporting goods and that it has a principal place of business at

140 Spring Street, Murray Hill, NJ 07974.  All other allegations of paragraph 3 not specifically

admitted herein are denied.

4.     VKM is without sufficient information or knowledge to admit or deny the

allegations contained in paragraph 4 of the Complaint.

1055336.1

5.    VKM admits that this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a) but denies any wrongdoing or liability.

6.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint.

7.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint.

8.    VKM admits that on its face, United States Patent No. 5,530,966 purports to have issued on July 2, 1996, and to be entitled "Protective Garment For Baseball Umpires Having An Inner Cushioned Layer And An Outer Layer Of Interconnected Plates," but denies it was duly and legally issued. All other allegations of paragraph 8 not specifically admitted herein are denied.

9.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint.

10.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint.

11.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint.

12.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 12 of the Complaint.

13.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 13 of the Complaint.

1055336.1

14.    VKM admits that it markets umpire's chest protectors, Model Nos. UPRO13, UPRO15 and UPRO17.  VKM is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 14 of the Complaint.

15.    Admitted.

16.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 16 of the Complaint.

17.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint.

18.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 18 of the Complaint.

19.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 19 of the Complaint.

20.    VKM denies that it has in the past and is presently inflicting grievous and irreparable harm, damage, and injury upon West. VKM is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 20 of the Complaint.

### COUNT 1: DENIAL OF ALLEGED PATENT INFRINGEMENT

21.    VKM repeats and realleges each and every response to the allegations contained within paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.    VKM denies each and every allegation of paragraph 22 to the extent it relates to or is directed at VKM.

23.    VKM denies each and every allegation of paragraph 23 to the extent it relates to or is directed at VKM.

3

24.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 24 of the Complaint.

25.    VKM is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 25 of the Complaint.

## COUNT 2: DENIAL OF ALLEGED UNFAIR COMPETITION

26.    VKM repeats and realleges each and every response to the allegations contained within paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.    VKM denies each and every allegation of paragraph 27 to the extent it relates to or is directed at VKM..

## DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF

28.    VKM denies that West is entitled to be awarded any of the relief sought in its prayer for relief against VKM. VKM has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed—willfully or otherwise—the U.S. Patent asserted by West. West is not entitled to recover statutory damages, compensatory damages, exemplary damages or accounting, injunctive relief, costs, fees, interest, or any other type of recovery from VKM. West's prayer should, therefore, be denied in its entirety and with prejudice, and West should take nothing therefore. VKM asks that judgment be entered for it and that it be awarded attorneys' fees in defending against the Complaint, together with such other and further relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, VKM asserts the following defenses. VKM reserves the right to amend its answer with additional defenses as further information is obtained.

4

1055336.1

## FIRST AFFIRMATIVE DEFENSE:
### (FAILURE TO STATE A CLAIM)

29.    West's Complaint for Patent Infringement, Unfair Competition and Jury Demand fails to state a claim upon which any relief may be granted against VKM.

## SECOND AFFIRMATIVE DEFENSE:
### (NON-INFRINGEMENT OF THE PATENT-IN-SUIT)

30.    VKM has not and does not directly, indirectly, contributorily, and/or by inducement, infringe any claim of United States Patent No. 5,530,966 (referred to as the "Patent-in-Suit"), either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE:
### (INVALIDITY OF THE PATENT-IN-SUIT)

31.    The Patent-in-Suit is invalid and/or unenforceable on the grounds that it or the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, 112, 113, and/or 132.

## FOURTH AFFIRMATIVE DEFENSE:
### (INVALIDITY OF THE PATENT-IN-SUIT – BEST MODE)

32.    The Patent-in-Suit is invalid and/or unenforceable on the grounds that the applicant failed to disclose the best mode contemplated by the inventor of carrying out his invention in the description of the application that resulted in the issuance of the Patent-in-Suit, in violation of the requirement set forth in Title 35, United States Code, Section 112.

## FIFTH AFFIRMATIVE DEFENSE:
### (INEQUITABLE CONDUCT)

33.    The Patent-in-Suit  is unenforceable due to inequitable conduct in the procurement of the patent.

1055336.1

## FOURTH AFFIRMATIVE DEFENSE
### (OTHER AFFIRMATIVE DEFENSES BASED ON LATER DISCOVERED EVIDENCE)

34.    VKM reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Venus Knitting Mills, Inc. (hereinafter "VKM") brings these counterclaims against Plaintiff/Counterclaim Defendant Joseph H. West ("West").

35.    These counterclaims are based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* This is also an action for declaratory judgment arising under 28 U.S.C. § 2201.

36.    This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
### (PATENT INVALIDITY OF THE PATENT-IN-SUIT)

37.    VKM incorporates and realleges paragraphs 1 through 36.

38.    U.S. Patent No. 5,530,966 (the "Patent-in-suit"), and more particularly the claims of the Patent-in-suit alleged to be infringed, are invalid and of no effect for failure to meet the conditions of patentability specified in Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, 112, 113, and/or 132.

## VKM'S REQUEST FOR RELIEF

6

1055336.1

      **WHEREFORE**, VKM prays that the Court enter a final and appealable judgment:

      A. Denying West any relief whatsoever on its claims and dismissing West's Complaint with prejudice.

      B. Declaring that the Patent-in-suit is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

      C. Awarding VKM its attorneys' fees and costs of suit; and

      D. Awarding VKM such other and further relief as the Court may deem just and proper.

                  WOLFF & SAMSON, PC

                  Attorneys for Defendant/Counterclaim Plaintiff
                  Venus Knitting Mills, Inc.

                  By /s/ Howard J. Schwartz
                    HOWARD J. SCHWARTZ

Dated:  February 7, 2007

7

1055336.1